The plaintiff brought this action in Superior Court seeking an injunction to prohibit the defendant from harassing her, alleging violations of both the Massachusetts Civil Rights Act (MCRA), G. L. c. 12, §§ 11H, 11I, and an agreement between the parties involving a prior claim of harassment.[2] A judge allowed the defendant's motion to dismiss, pursuant to Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974), and the plaintiff appealed. For substantially the same reasons articulated by the judge, we affirm.
"We review the allowance of a motion to dismiss de novo, accepting as true the facts alleged in the plaintiff's [complaint] and exhibits attached thereto, and favorable inferences that reasonably can be drawn from them ...." Burbank Apartments Tenant Ass'n v. Kargman, 474 Mass. 107, 116 (2016). In order to withstand a motion to dismiss, the factual allegations must "raise a right to relief above the speculative level." Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008), quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007). Where the factual allegations do not plausibly suggest an entitlement to relief, the complaint must be dismissed. See Iannacchino, supra.
Although the plaintiff contends that she pleaded a cognizable claim under the MCRA, the facts alleged in the complaint do not sufficiently identify the defendant as the person responsible for the allegedly violative behavior. Rather, the complaint lists a variety of wrongs that were done to the plaintiff and then concludes, without a factual connection, that the defendant was to blame. The judge did not, as the plaintiff contends, fail to recognize the plaintiff's claim that the defendant enlisted or influenced third parties to carry out acts that, in the circumstances, amounted collectively to a violation of her civil rights. Even on that theory, the plaintiff failed to identify the defendant as the source of any wrongdoing.
As the judge explained in his order, "The legal problem with plaintiff's complaint is that she does not specifically allege that the defendant took any action against her. She believes and simply asserts that all of the untoward events in her life are caused by the defendant.... This is insufficient as a matter of law." Our review of the plaintiff's complaint likewise reveals no allegation rising above the level of mere speculation. Demonstrative of this, when asked by the judge to identify a single event that she sufficiently attributed to the defendant, the plaintiff responded by referring to paragraph six of her complaint wherein she alleges that "[i]n September of 2014, after Defendant became aware of Plaintiff's location, Plaintiff was falsely threatened with eviction [by her landlord]." We agree with the judge that, devoid of any facts linking the defendant to any wrongful conduct against the plaintiff, the complaint is insufficient as a matter of law to state a claim against the defendant.[3] ,[4]
Judgment affirmed.[5]

Underlying this appeal is a mutual "no contact" agreement between the parties. In violation of Mass. R. A. P. 16 (m), 425 Mass. 1601 (1997), and 18 (g), 425 Mass. 1602 (1997), the parties failed to inform this court that a judge of the District Court had previously ordered the agreement impounded.

The plaintiff also contends that the judge failed to consider several documents attached to her complaint. We disagree. The judge explicitly stated in his order that he had "reviewed the complaint, as well as the documents attached thereto."

For the reasons stated above, we see no error in the denial of the plaintiff's motion for a preliminary injunction, or in the alternative, an order for compliance with the "no contact" agreement. Nor do we see any error in the denial of the plaintiff's motion to amend her complaint.

The defendant's request for appellate attorney's fees is denied.